UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2005[*]
Decided April 29, 2005

**Before**

Hon., JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3521

| | |
|---|---|
| WILLIAM P. FAULKNER,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| | No. 04-C-409-C |
| JON E. LITSCHER et al.,<br>    *Defendants-Appellees.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Inmate William Faulkner challenges the dismissal of his claim under 42 U.S.C. § 1983 that Wisconsin prison officials and employees of a private prison acted with deliberate indifference to his safety when they failed to protect him from an assault. The district court dismissed his complaint and we affirm.

For purposes here we accept the facts as Faulkner tells them. In the summer of 2001, Faulkner was housed at the Whiteville Correctional Facility, a private prison in Tennessee that accepted Wisconsin inmates on a contract basis. Faulkner, who is in his 50s, repeatedly complained to Whiteville staff that he was being threatened with

---

[*]After examining the briefs and record, we conclude that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

physical assault because he refused to pay "protection" money to young gang members, one of them his roommate. Faulkner asked to be reassigned to a different cell. Prison staff gave Faulkner the option of transferring to segregation, but he declined. He also declined to pay off the extortionists, and ultimately one of them attacked Faulkner in his cell and beat him severely, causing serious injury to his eye that permanently damaged his eyesight. Faulkner then filed suit alleging deliberate indifference by Whiteville employees as well as the Wisonsin prison officials he deemed responsible for his transfer to Whiteville; Faulner also named as a defendant the inmate who assaulted him. The district court dismissed Faulkner's federal claim at initial screening under 28 U.S.C. §1915A. The court reasoned that, even by Faulkner's account, prison officials had satisfied the Eighth Amendment by giving him the option of transfer. The court then declined to exercise supplemental jurisdiction over the state-law claim against the other inmate. We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Brown v. Budz*, No. 03-1997, 2005 WL 356807, at \*2 (7th Cir. Feb. 16, 2005).

Faulkner contends on appeal that he states a claim for deliberate indifference either because segregation is not an acceptable method of protecting inmates from assault or, alternatively, because Whiteville employees should have transferred him to segregation despite his express desire to remain in the general population. Faulkner's first contention fails because placing inmates in segregation is a common and acceptable means of protecting them. *See Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002). His second contention also fails because, even with actual knowledge of the risk, the defendants' only duty was to act reasonably. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994); *Peate v. McCann*, 294 F.3d 879 (7th Cir. 2002) (remanding for determination of whether prison guard acted reasonably in returning weapon to prisoner where he was aware of the risk of harm to another inmate from previous fight). The fact that Faulkner might have made a bad choice because the threatened violence was ultimately not averted does not make for a constitutional violation. *See Farmer*, 511 U.S. at 844; *Babcock v. White*, 102 F.3d 267, 274 (7th Cir. 1996) (finding no deprivation of liberty interest where inmate feared mafia members in the general population, chose to enter administrative detention for his own protection, and ultimately regretted his choice).

AFFIRMED.